UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:10-CR-126-T-17TBM

EDGAR RAMON AUN-QUICENA.

_____/

ORDER

This cause is before the Court on:

Dkt. 65   Agreed Motion for Defendant's Supervised Release To Be Converted to Non-Reporting Status For the Duration of His Term or Until Further Order of This Court

Defendant Edgar Ramon Aun-Quicena requests that the Court enter an Order converting his term of supervised release to non-reporting status and allow Defendant to return to his home country of Colombia.

Defendant Aun was sentenced on May 2, 2011. (Dkt. 48). Defendant was sentenced to a term of incarceration of 97 months, and to a term of supervised release of 60 months. The Court conducted a hearing on the Government's Motion to Reduce Sentence on October 31, 2014. (Dkt. 62). Defendant Aun was sentenced to time served, and a term of supervised release of 60 months.

The Government and the U.S. Probation Office do not object to Defendant's Motion and the relief requested by Defendant.

After an analysis of the factors considered in 18 U.S.C. Sec. 3553(a), the Court may terminate supervised release at any time after one year of supervised release, when the Court is satisfied that termination is warranted by the defendant's conduct and

is in the interest of justice, pursuant to 18 U.S.C. Sec. 3583(e)(1). See <u>United States v. Reagan</u>, 162 Fed. Appx. 912, 913 (11th Cir. 2006).

The § 3553(a) factors that the Court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and sentencing range established for the applicable category of offense committed, as set forth in the Sentencing Guidelines; (6) pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)—(D), (a)(4)—(7). However, "the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, uniformity of sentences among defendant committing the same types of crimes are all also considerations related to supervised release." <u>U.S. v. Reagan</u>, 162 Fed. Appx. 912, 914 (11th Cir. 2006).

After consideration of the relevant Sec. 3553(a) factors, and in light of the absence of objection by the Government and the U.S. Probation Office, the Court is satisfied that early termination is warranted by Defendant's conduct and is in the interest of justice. The Court grants Defendant's Agreed Motion for Defendant's Supervised Release to be Converted to Non-Reporting Status for the Duration of His Terms, or Until Further Order of this Court, with leave to move back to Colombia. Accordingly, it is

Case No. 8:10-CR-126-T-17TBM

**ORDERED** that Defendant Aun's Agreed Motion for Defendant's Supervised Release to be Converted to Non-Reporting Status for the Duration of His Term, or Until Further Order of This Court; Defendant Aun may move back to Colombia.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 22nd day of December, 2015.

                                        ELIZABETH A. KOVACHEVICH
                                        United States District Judge

Copies to:
All parties and counsel of record
US Marshal
US Probation